**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

PAUL POGUE,                                      :

      Plaintiff,

                                 :

vs.                                              CA 05-0596-KD-C

                                 :

INTERNATIONAL PAPER COMPANY,
et al.,

                                 :

      Defendants.

**REPORT AND RECOMMENDATION**

This action is before the Court on a second motion to compel and for sanctions (Doc. 27) filed by defendant International Paper Company ("IP") on April 28, 2006. Since defendant has requested that this action be dismissed because plaintiff has refused to participate in the discovery process, the automatic referral of this motion to the undersigned is for a report and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B).

    **I.    FINDINGS OF FACT.**

    1.    Plaintiff, Paul Pogue, filed his complaint on October 13, 2005 (Doc. 1).[1] He charges that IP and three unknown agents of the company intentionally and unlawfully entered upon his real property in Perry County, Alabama, cut and removed his

_____

[1]    Plaintiff is proceeding without counsel.  He is legally trained, having attended law school, but is not currently licensed to practice law.

timber without permission and converted the timber to its own use.  He seeks

compensatory and punitive damages, interest, expenses and costs. (*Id*.)

2.      After the entry of a preliminary Rule 16 scheduling order, a scheduling

conference was convened in Mobile, Alabama on January 17, 2006.  Mr. Pogue and Ms.

Sandy Robinson attended and participated in the conference.  During that hearing, the

Court specifically discussed with Mr. Pogue his obligations as a plaintiff proceeding

without counsel.  Mr. Pogue advised the Court of his training to become a lawyer and

advised that he understood his responsibilities.  Subsequently, on January 20, 2006, a

scheduling order was entered (Doc. 18).  The discovery period ended according to that

Scheduling Order on July 3, 2006 without a request that it be extended.

3.      On February 22, 2006, defendant filed a motion to compel initial

disclosures from Mr. Pogue that he had failed to serve on defendant in accord with the

Scheduling Order. The Court found that Pogue had not, without a valid reason, served his

initial disclosures as required by previous order.  Since he failed to show a valid reason

for not complying with the scheduling order, he was ordered to make his disclosures no

later than March 20, 2006 (Doc. 25).

4.      Defendant served deposition notices on March 10, 2006, notifying Mr.

Pogue that his deposition and that of his wife, Valissa Darden Pogue, would be taken on

April 26, 2006 in Ms. Robinson's law offices in Mobile, Alabama.  (Motion To Compel,

Doc. 27, Exhibit D)  Without a valid excuse, both deponents failed to appear for their

deposition.  (*Id*.)  It is also noted that neither had moved for a protective order.

5.      After receipt of the second motion to compel, the Court set a hearing in order to allow plaintiff to respond to the motion for sanctions and also to purge himself of the failure to appear by submitting to a deposition.  In fact, both he and his wife were ordered to appear and submit to a deposition.  (Order, Doc. 28).  Defendant was required to retain the services of a court reporter for the taking of these two depositions.  (*Id.*)

6.      On the morning of May 22, 2006, the day set for the hearing on the motion to compel, the undersigned's staff received a phone call from Paul Pogue advising that he and his wife would not attend the hearing.  Through staff, Mr. Pogue was notified that the hearing would not be delayed or rescheduled on such late notice.  Pogue, nor his wife, appeared for the hearing or to sit for the taking of their depositions as ordered.   Since that date the Court has not received any word from Mr. or Mrs. Pogue in explanation for their failure to appear or asking for more time in which to prepare for their depositions or any other court proceedings.  They have not engaged in discovery nor asked that the Scheduling Order be modified.  For all intent and purposes, it appears that the Pogues have abandoned this action.

7.      Ms. Robinson has established by affidavit that her client has been billed $1,122.00 in fees and $85.10 in expenses as a result of plaintiff's failure to appear for his deposition on April 26, 2006.   The 2.8 hours billed by Ms. Robinson at a rate of $220.00 per hour and expenses of $85.10 are found to be reasonable and should be paid by Mr. Pogue who is solely responsible for the needless expenditure of funds in preparation for his deposition. (Doc. 30)

## II.   <u>CONCLUSIONS OF LAW</u>.

1.      Rule 37(b)(2)(C), Federal Rules of Civil Procedure, authorizes district courts to dismiss an action if a party "fails to obey an order to provide or permit discovery." Rule 37(d) authorizes the same if a party fails to appear for a properly noticed deposition.  "In ... addition thereto, the court shall require the party failing to act ... to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."  (*Id.*)

2.      Noncompliance with court orders or deposition notices are not excused by a party's *pro se* status, especially when that party has attended law school and studied the Federal Rules of Civil Procedure.  *Morton v. Harris*, 628 F.2d 438, 440 (5th Cir. Unit B 1980)[2]

3.      When a plaintiff fails to attend his deposition on two occasions, once after receiving proper notice and once after receiving an order from the court, a dismissal with prejudice is appropriate pursuant to Rule 37.  *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) ("[D]ismissal may be appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith or fault.")  Mr. Pogue has clearly flouted the orders of this Court and appears to have abandoned the litigation.  He has not engaged in discovery and has

---

[2]      In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), the Eleventh Circuit held that all decisions handed down by the old Fifth Circuit before the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit.

4

allowed the discovery period to lapse without an attempt to correct those errors that have been identified by opposing counsel, both in letters and motions.  He has left the Court with little option since the schedule of this action has proceeded to the dispositive motion stage without having provided the defendant an opportunity to discover the underlying factual basis for his claims.  To prevent similar actions from parties in the future, Rule 37 should be strictly applied.  *See Buchanan v. Bowman*, 820 F.2d. 359, 361 (11th Cir. 1987) ("Further, in the Supreme Court case of *National Hockey League, et al. v. Metropolitan Hockey Club, Inc., et al.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam), the court expresses the need for a strict adherence to Rule 37 so as to prevent parties from 'flouting discovery orders.'").

4.     In addition to Rule 37, the Federal Rules of Civil Procedure authorize the dismissal of actions with prejudice when the plaintiff fails to prosecute or to comply with a court order or the federal rules.  Rule 41(b), Federal Rules of Civil Procedure.  "Dismissal under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999).

5.     This record reveals that plaintiff has willfully chosen to disregard the Court's Orders and to prosecute this action.  His actions have denied the defendant an opportunity to the discovery authorized and ordered by the court.  His actions have likewise completely frustrated the Court's schedule for resolution of this action without a valid reason for having refused to meet the deadlines imposed.  Although the undersigned

has carefully considered the alternative sanctions to dismissal, none would adequately

discourage similar conduct in the future by this plaintiff or salvage the Court's schedule

originally imposed.  The defendant not only tried to adhere to this schedule but spent a

significant amount of time and resources to ensure that plaintiff was aware of his

responsibilities and time constraints.  Plaintiff had the opportunity to comply not only

with the discovery requests of defendant but also with the Court's scheduling

requirements that were entered after consultation with the parties.  When these

considerations are merged with the fact that valuable time and resources have been

wasted by the defendant due to plaintiff's actions, defendant's motion for sanctions is due

to be granted and this action should be dismissed with prejudice [3]  *Link v. Wabash R. R.*,

370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to

restrict the court's inherent authority to dismiss *sua sponte* an action for lack of

prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41

F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d

101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985);

---

[3]This Court in *Antalan v. Degussa-Huls Corp.*, 202 F.Supp.2d 1331 (S.D.Ala. 2002), upheld the dismissal of an action for plaintiff's failure to prosecute, noting that the Court must make "a finding that sanctions less harsh than dismissal would not suffice to goad the Plaintiff back onto the discovery path that the Court and Federal Rules have cut." *Id.* at 1337 (*citing World Thrust Films v. International Family Entertainment*, 41 F.3d 1454 (11th Cir. 1995). "Such lesser sanctions 'range from a simple reprimand to' sanctions just shy of 'an order dismissing the action with or without prejudice.'" *Id.* (quoting *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1995).  In this action, plaintiff has clearly had notice of his lack of compliance with the guidelines set by this Court and the Federal Rules of Civil Procedure, and the possible dismissal of his lawsuit as a result thereof.  (Docs. 25, 28, and in court hearing on January 17, 2006).

*Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (upholding dismissal with prejudice and noting that there was a "long pattern of conduct which amounted to want of prosecution and several failures by plaintiffs to obey court rules and orders."); *Hildebrand v. Honeywell*, 622 F.2d 179, 181 (5th Cir. 1980). *Accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), *cert. denied*, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

**III**.   **CONCLUSION**.

Accordingly, due to Mr. Pogue's intentional and willful failure to appear for his deposition and to otherwise obey the orders of this Court, it is recommended that his complaint be dismissed with prejudice pursuant to Rules 37(b)(2)(C), 37(d) and 41(b), Federal Rules of Civil Procedure.  In addition, it is recommended that Mr. Pogue be required to pay the reasonable attorney's fees and costs in the amount of $1,207.10 caused by his failure to attend a properly noticed deposition.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.  The Clerk is directed to serve Mr. Pogue with a copy of this Report and Recommendation by certified mail, return receipt requested.

**DONE** this the 21st day of August, 2006.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE' S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The

procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.